# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HARRY ROSADO and DUANE MAAS,**

          **Plaintiffs,**

**v.**                                           **Case No:   6:13-cv-1727-Orl-28KRS**

**SUPERIOR AIRCRAFT SERVICES, INC.,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE ("Joint Motion") (Doc. No. 27)** |
| **FILED:** | **April 24, 2014** |

## I.    PROCEDURAL HISTORY.

      Plaintiffs Harry Rosado and Duane Maas, on behalf of themselves and others similarly situated, filed a complaint against their employer, Superior Aircraft Services, Inc. ("Superior Aircraft").   Doc. No. 1.   In their complaint, Plaintiffs allege violations of the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and violations of the minimum wage provisions of Section 24, Article X of the Florida Constitution. *Id.* at 5-8.   Additionally, Maas alleges that Superior Aircraft demoted him in retaliation for his

decision to file the instant suit, in violation of 29 U.S.C. § 215(a)(3).   *Id.* at 9-10.   In late 2013, Joel Bautista and Juan Vazquez filed notices of consent to join in the action.   Doc. Nos. 9-10.

On April 3, 2014, the parties provided notice to this Court that they had reached a full settlement as to each of the Plaintiffs.   Doc. No. 25.   They now seek the Court's approval of the resolution of the FLSA claims under the settlement agreements.   Doc. No. 27.   Copies of the Plaintiffs' respective settlement agreements were filed with the motion.   Doc. No. 27-1.   The motion was referred to me for issuance of a Report and Recommendation.

On May 5, 2014, I issued an Order requiring the parties to file a supplemental memorandum addressing whether Vazquez compromised his claim and whether the settlement agreements were fair and reasonable due to the inclusion of sweeping general release, confidentiality, and non-disparagement clauses.   Doc. No. 28.   On May 12, 2014, the parties filed a joint response. Doc. No. 29.   This matter is now ripe for resolution.

## II.      APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   *Id.* at 1353.[1]   "*Lynn's Food* requires the parties to an FLSA compromise to present the proposed agreement to the district court, which may enter a stipulated

---

[1] *Lynn's Food Stores* requires a stipulated judgment.   Although the parties have not submitted a proposed stipulated order of judgment, I construe their Joint Motion as the equivalent of a request for a stipulated judgment.

judgment after scrutinizing the settlement for fairness." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) (citation and internal quotation omitted).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[2]  If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when "a settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.   ANALYSIS.

### A.   *Settlement Agreements.*

Each Plaintiff entered into a separate settlement agreement with Superior Aircraft.

#### 1.   Rosado's Settlement Agreement.

The settlement agreement between Rosado and Superior Aircraft provides that Rosado will receive a total of $17,600.00 as follows: $7,500.00 for allegedly unpaid wages, $7,500.00 for alleged FLSA liquidated damages, and $2,600.00 for attorney's fees and costs.  Doc. No. 27-1 at 3-4.[3]

---

[2] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent.  *See* 11th Cir. R. 36-2.

[3] Throughout this Report and Recommendation, citations are to the page numbers assigned by CM/ECF, no to the original page numbers appearing in the documents.

The total sum will be paid in two installments of $8,800.00.   Doc. No. 27 ¶ 5.   The settlement agreement also contains a confidentiality clause (including a promise by Superior Aircraft to provide Rosado with a neutral employment reference), a non-disparagement clause, and a mutual general release of all claims.   Doc. No. 27-1 at 5-6.

The parties represent in the Joint Motion and the response to the Court's supplemental briefing order that Rosado alleges that he was entitled to between $21,842.00 and $33,512.10 in minimum wage and overtime damages under the FLSA, not including liquidated damages.   Doc. No. 27 ¶ 9; Doc. No. 29 at 2 n.1.   Because the parties agree that Rosado will receive under the settlement agreement less than he alleged he was owed under the FLSA, he has compromised his claim within the meaning of *Lynn's Food Stores*.   Doc. No. 27 ¶¶ 8-9.

2.     Maas's Settlement Agreement.

The settlement agreement between Maas and Superior Aircraft provides that Maas will receive a total of $15,600.00 as follows: $6,500.00 for allegedly unpaid wages, $6,500.00 for alleged FLSA liquidated damages, and $2,600.00 for attorney's fees and costs.   Doc. No. 27-1 at 11-12. The total sum will be paid in two installments of $7,800.00.   Doc. No. 27 ¶ 5.   The settlement agreement also contains a confidentiality clause (including a promise by Superior Aircraft to provide Maas with a neutral employment reference), a non-disparagement clause, and a mutual general release of all claims.   Doc. No. 27-1 at 13-14.

The parties represent in the Joint Motion and the response to the Court's supplemental briefing order that Maas alleges that he was entitled to $15,617.65 in minimum wage and overtime damages under the FLSA, not including liquidated damages.   Doc. No. 27 ¶ 9; Doc. No. 29 at 2 n.1.   Because the parties agree that Maas will receive under the settlement agreement less than he

alleged he was owed under the FLSA, he has compromised his claim within the meaning of *Lynn's Food Stores*.   Doc. No. 27 ¶¶ 8-9.

   3.   Bautista's Settlement Agreement.

   The settlement agreement between Bautista and Superior Aircraft provides that Bautista will receive a total of $11,100.00 as follows: $4,250.00 for allegedly unpaid wages, $4,250.00 for alleged FLSA liquidated damages, and $2,600.00 for attorney's fees and costs.   Doc. No. 27-1 at 19-20. The total sum will be paid in two installments of $5,550.00.   Doc. No. 27 ¶ 5.   The settlement agreement also contains a confidentiality clause (including a promise by Superior Aircraft to provide Bautista with a neutral employment reference), a non-disparagement clause, and a mutual general release of all claims.   Doc. No. 27-1 at 21-22.

   The parties represent in the Joint Motion and the response to the Court's supplemental briefing order that Bautista alleges that he was entitled to $8,965.50 in minimum wage and overtime damages under the FLSA, not including liquidated damages.   Doc. No. 27 ¶ 9; Doc. No. 29 at 2 n.1. Because the parties agree that Bautista will receive under the settlement agreement less than he alleged he was owed under the FLSA, he has compromised his claim within the meaning of *Lynn's Food Stores*.   Doc. No. 27 ¶¶ 8-9.

   4.   Vazquez's Settlement Agreement.

   The settlement agreement between Vazquez and Superior Aircraft provides that Vazquez will receive a total of $6,600.00 as follows: $2,000.00 for allegedly unpaid wages, $2,000.00 for alleged FLSA liquidated damages, and $2,600.00 for attorney's fees and costs.   Doc. No. 27-1 at 27-28.   The total sum will be paid in two installments of $3,300.00.   Doc. No. 27 ¶ 5.   The settlement agreement also contains a confidentiality clause (including a promise by Superior

Aircraft to provide Vazquez with a neutral employment reference), a non-disparagement clause, and a mutual general release of all claims.   Doc. No. 27-1 at 29-30.

The parties represent in the Joint Motion and the response to the Court's supplemental briefing order that Vazquez alleges that he was entitled to $3,158.09 in minimum wage and overtime damages under the FLSA, not including liquidated damages.   Doc. No. 27 ¶ 9; Doc. No. 29 at 1-2. Because the parties agree that Vazquez will receive under the settlement agreement less than he alleged he was owed under the FLSA, he has compromised his claim within the meaning of *Lynn's Food Stores*.   Doc. No. 27 ¶¶ 8-9.

     B.    *Whether the Settlement Agreements are Fair and Reasonable.*

Because the Plaintiffs have compromised their claims, under *Lynn's Food Stores*, the Court must evaluate whether the settlement agreements are fair and reasonable.   Through counsel, the parties represent that they dispute whether Plaintiffs were paid for all hours worked.   *Id.* ¶ 9.   They also represent that they have negotiated the settlement agreements over several months, exchanging approximately twelve different offers.   *Id.* ¶ 10.   The parties also represent that the settlement agreements satisfy the Plaintiffs' desire to avoid the risks, uncertainties, and time and expense associated with further litigation.   *Id.* ¶ 8.   They also represent that the settlement agreements reduce the chance that any future judgment in favor of the Plaintiffs will be beyond Superior Aircraft's ability to pay.   *Id.*   Accordingly, I recommend that the Court find that the parties have adequately disclosed the facts and circumstances underlying the decision to settle the Plaintiffs' claims.

I also consider the parties' mutual general release of claims, and the confidentiality and non-disparagement clauses contained in the settlement agreements.   Some judges in the district have expressed the view that a general release or confidentiality provision undermines the fairness

of a settlement.   *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010) (a general release clause renders an FLSA settlement agreement unfair when the plaintiff compromised his claim); *Dees*, 706 F. Supp. 2d at 1247 (a confidentiality clause renders an FLSA settlement agreement unfair).   Other judges in the district, including the presiding district judge in this case, have approved settlement agreements with general release clauses in cases where the clauses were supported by adequate, independent consideration.   *See, e.g.*, *Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100.00 as separate consideration for a general release clause).   At least one judge in this district has considered a mutual general release to provide adequate consideration for a broad release of claims by a plaintiff in an FLSA case.   *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-Orl-36KRS, 2012 WL 2191299, at *2-3 (M.D. Fla. May 31, 2012) (approving settlement agreement with a mutual general release), *report and recommendation adopted*, 2012 WL 2191492 (M.D. Fla. June 14, 2012); *see also Williams v. Superior Aircraft Servs., Inc.*, Case No. 6:13-cv-1726-Orl-31DAB, Doc. Nos. 24-1, 25 (M.D. Fla. Apr. 24 & 25, 2014) (approving a settlement agreement with a mutual general release, confidentiality, and non-disparagement clauses); *Caamal v. Shelter Mortgage Co.*, 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (finding the payment of $500.00 in additional consideration, a mutual release of claims, and an agreement to provide a neutral reference were adequate consideration for a general release of claims, a non-disparagement clause, and a waiver of future employment).

Furthermore, in their response to the Court's supplemental briefing order, the parties assert that, during negotiations, they were aware of the Court's decisions in *Moreno* and *Dees* regarding general releases, confidentiality, and similar clauses.  Doc. No. 29 at 2.  The Plaintiffs actively

negotiated the terms of the settlement agreements in light of this knowledge: rejecting a term requiring Maas and Bautista to resign, but choosing to negotiate for a larger sum of money for their FLSA claims rather than reject the general release, confidentiality, and non-disparagement clauses. *Id.*

I recommend that the Court find that each Plaintiff negotiated the terms of his respective Settlement Agreement through with full knowledge of the additional concessions he was making in order to obtain a settlement of this case agreeable to him.   The additional concessions are supported by a mutual release, the agreement to provide a neutral job reference and, as to Maas and Bautista, a larger payment of money than originally offered.   Under these circumstances, I recommend that the Court find that each Settlement Agreement is a fair and reasonable compromise of a *bona fide* dispute under the FLSA.

     C.    *Attorney's Fees and Costs.*

Because the Plaintiffs have compromised their FLSA claims, the Court must consider whether the payment of their attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount the Plaintiffs agreed to accept.   Here, the settlement agreements provide that the Plaintiffs' attorney will receive a total of $10,400.00 for fees and costs. Doc. No 27 ¶ 4.   Counsel for the parties state in the Joint Motion that the attorney's fees were agreed upon separately and without regard to the amount paid to the Plaintiffs.   *Id.* ¶ 6.   When, as here, the attorney's fees were agreed upon separately, without regard to the amount paid to the Plaintiffs, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."   *Bonetti*, 715 F. Supp. 2d at 1228.   Here, the settlement appears

reasonable on its face and there is no reason to believe that the Plaintiffs' recovery was adversely affected by the amount of fees paid to their attorney.   Therefore, I recommend that the Court approve the settlement agreements without considering the reasonableness of the attorney's fees.

## IV.   RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1.   **FIND** that the settlement agreements between Plaintiffs and Superior Aircraft are "fair and reasonable resolution[s] of a bona fide dispute over FLSA provisions," *Lynn's Food Stores*, 679 F.2d at 1354;

2.   **GRANT in part** the Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice (Doc. No. 27); and,

3.   **PROHIBIT** counsel for the Plaintiffs from withholding any portion of the $15,000.00 payable to Rosado, $13,000.00 payable to Maas, $8,500.00 payable to Bautista, and $4,000.00 payable to Vazquez under their respective settlement agreements pursuant to a contingent fee agreement or otherwise;

4.   **DISMISS** the case and **DIRECT** the Clerk of Court to close the file;

5.   **DENY** the parties' request to retain jurisdiction for sixty (60) days following the Court's Order; and

6.   **ORDER** counsel for Plaintiffs to provide a copy of the Court's Order to each Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

       Recommended in Orlando, Florida on June 9, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Presiding District Judge
Courtroom Deputy Clerk